**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DONALD LEE MORRISON,

      Petitioner,             Civil No. 05-70730-DT
                             HONORABLE BERNARD A. FRIEDMAN
v.                          CHIEF UNITED STATES DISTRICT JUDGE

KEN ROMANOWSKI,

      Respondent,

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Donald Lee Morrison, ("petitioner"), presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for attempted second-degree criminal sexual conduct, M.C.L.A. 750.92; 750.520c, and being a second felony habitual offender, M.C.L.A. 769.10. Respondent has filed a motion to dismiss on the ground that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed a response to the motion to dismiss. For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

**I. Background**

Petitioner pleaded *nolo contendere* to the above charges in the Isabella

1

County Circuit Court.  On January 30, 2002, petitioner was sentenced to three years, six months to seven years, six months in prison.

On January 20, 2003, petitioner filed a motion to vacate his *nolo contendere* plea, which was denied by the trial court on January 22, 2003. *People v. Morrison,* 01-190-FH (Isabella County Circuit Court, January 22, 2003). Petitioner never filed a direct appeal from the denial of his motion to vacate his plea.

On February 7, 2003, petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.*  The trial court rejected the motion, finding that it had not been filed in substantial compliance with M.C.R. 6.502 and was therefore being returned to petitioner pursuant to M.C.R. 6.502(D). *People v. Morrison,* 01-190-FH (Isabella County Circuit Court, February 20, 2003). Petitioner's application for leave to appeal was dismissed as being untimely by the Michigan Court of Appeals on March 25, 2004, because the appeal was filed with that court on February 23, 2004, and had therefore not been filed within twelve months of the trial court's denial of the motion for relief from judgment, as required by Michigan law. *People v. Morrison,* 253939 (Mich.Ct.App. March 25, 2004).  The Michigan Supreme Court denied petitioner leave to appeal on September 28, 2004. *People v. Morrison*, *People v. Morrison,* 471 Mich. 885; 688 N.W. 2d 505 (2004).

2

The instant petition was signed and dated February 17, 2005. [1]

## II.  Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one

year statute of limitations shall apply to an application for writ of habeas corpus

by a person in custody pursuant to a judgment of a state court.  The one year

statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created
> by State action in violation of the Constitution or laws of the United
> States is removed, if the applicant was prevented from filing by such
> State action;
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively applicable
> to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not

been filed within the one year statute of limitations. *See Holloway v. Jones,* 166

F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

In the present case, petitioner was sentenced on January 30, 2002.

---

[1]   Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on February 17, 2005, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

3

Petitioner never filed a direct appeal from his conviction. Because petitioner never appealed his conviction, the one year time period for filing his habeas petition would begin to run for petitioner after the expiration of the time limit that petitioner had under state law to file the direct appeal from his conviction. *See McAfee v. Angelone*, 87 F. Supp. 2d 605, 606 (W.D. Va. 2000). Under M.C.R. 7.205(F)(3), petitioner had twelve months after his sentence to file a delayed application for leave to appeal. M.C.R. 7.205(F)(4) extends the deadline for filing an appeal when a defendant files an application for leave to appeal within twenty one days after the trial court decides a motion to withdraw a guilty plea. Subsection (F)(4) is inapplicable in this case, however, because petitioner did not file an application for leave to appeal within twenty one days of the trial court's decision denying his motion to withdraw his guilty plea on January 22, 2003. *See People v. Rusiecki,* 461 Mich. 947; 607 N.W. 2d 357 (2000). Petitioner's conviction therefore became final on January 30, 2003, and petitioner had until January 30, 2004 to file his petition for writ of habeas corpus with this Court unless the one year period was somehow tolled.

Petitioner filed a post-conviction motion for relief from judgment on February 7, 2003, after eight days had run on the statute of limitations. U.S.C. § 2244 (d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute.

4

*Fugate v. Booker,* 321 F. Supp. 2d 857, 860 (E.D. Mich. 2004).  An application for state post-conviction relief is considered "properly filed", for purposes of triggering the tolling provisions of § 2244(d)(2), when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g. requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery." *Israfil v. Russell,* 276 F. 3d 768, 771 (6ᵗʰ Cir. 2001).

In this case, the trial court rejected petitioner's post-conviction motion because it was not in substantial compliance with the provisions of M.C.R. 6.502 regarding the form of a post-conviction motion.  Because federal courts defer to state courts on issues of state law and procedure, this Court must defer to the state trial court's finding that petitioner's post-conviction motion was not filed in substantial compliance with the filing requirements found in M.C.R. 6.502. *See Vroman v. Brigano,* 346 F. 3d 598, 603 (6ᵗʰ Cir. 2003); *Israfil*, 276 F. 3d at 771-72. Thus, the state trial court's determination whether petitioner's post-conviction motion was properly filed governs whether petitioner's post-conviction motion action tolled the statute of limitations under § 2244(d)(2). *Vroman,* 346 F. 3d at 603.  Because petitioner's post-conviction motion was dismissed for failing to conform with M.C.R. 6.502 regarding the form of the application, petitioner's motion for relief from judgment was not properly filed and did not toll the limitations period pursuant to § 2244(d)(2). *See Herbert v. Jones,* 351 F. Supp.

5

2d 674, 677 (E.D. Mich. 2005). [2]

Petitioner's subsequent applications for leave to appeal to the Michigan Court of Appeals and the Michigan Supreme Court did not toll the limitations period pursuant to § 2244(d)(2) either. Petitioner's state court notice of appeal from the rejection of his post-conviction motion for relief from judgment was not an "application for collateral review" within the meaning of the tolling provision of § 2244(d)(2), because the "application" was the motion for relief from judgment which had initially been filed in the trial court. *See Brooks v. Walls,* 279 F. 3d 518, 525 (7th Cir. 2002). Petitioner's attempts to appeal the rejection of his improperly filed post-conviction motion marked the continuation of existing litigation, not the initiation of new litigation on his part. *Brooks,* 279 F. 3d at 525. Because petitioner's applications for leave to appeal were not distinct applications for state post-conviction relief, the only question for this Court, in determining whether the limitations period should be tolled pursuant to § 2244(d)(2), is whether petitioner's initial post-conviction motion was properly filed in the state trial court, not whether petitioner's applications for leave to appeal the denial of the motion were properly

---

[2]   The respondent has provided petitioner's post-conviction motion as part of the Rule 5 materials. [Court Dkt Entry # 18]. Although the trial court did not clearly indicate why petitioner's motion was not in substantial compliance with M.C.R. 6.502, it appears that the motion was defective because there was no verification of the motion by petitioner, in accordance with M.C.R. 2.114. *See* M.C.R. 6.502 (C). The motion also failed to indicate where petitioner was incarcerated or resided, as required by M.C.R. 6.502(C)(3). The motion also appears to fail to indicate any prior attempts by petitioner to obtain relief from his conviction, as required by M.C.R. 6.502(C)(9), nor did the motion indicate whether any of the grounds raised in petitioner's motion for relief from judgment had been raised in any such prior proceedings, as required by M.C.R. 6.502(C)(14). Finally, petitioner did not indicate whether he wished to request the appointment of counsel, as required by M.C.R. 6.502(C)(15).

filed. *See Hizbullahankhamon v. Walker,* 255 F. 3d 65, 71 (2nd Cir. 2001).

Because petitioner's initial post-conviction motion was not properly filed, his

subsequent appeals did not further toll the limitations period.

Any tolling is further foreclosed by the fact that petitioner's application for

leave to appeal to the Michigan Court of Appeals was rejected as being untimely.

A criminal defendant in Michigan has twelve months from the denial of a motion

for relief from judgment by the trial court to file an application for leave to appeal

with the Michigan Court of Appeals. M.C.R. 6.509; M.C.R. 7.205(F)(3).  An

untimely application for leave to appeal the denial of a state post-conviction

motion does not toll the limitations period because it was not properly filed in

accordance with the state court rules. *Hoggro v. Boone*, 150 F. 3d 1223, 1226, fn.

4 (10th Cir. 1998); *United States ex. rel. Morgan v. Gilmore*, 26 F. Supp. 2d 1035,

1038-1039 (N.D. Ill. 1998).  Petitioner's untimely application for leave to appeal

the state trial court's order denying his post-conviction motion would not toll the

limitations period pursuant to § 2244(d)(2), because the application for leave to

appeal was not filed in compliance with Michigan court rules. *See Palmer v.

Lavigne,* 43 Fed. Appx. 827, 829 (6th Cir. 2002).  The Michigan Court of Appeals

concluded that petitioner's application for leave to appeal the denial of his post-

conviction motion was untimely and a federal habeas court must defer to a state

court's ruling as to whether a post-conviction motion was properly filed. *Id.*

Finally, because the Michigan Court of Appeals expressly held that petitioner had

7

not timely appealed the trial court's decision, the Michigan Supreme Court's decision not to review the case is presumed to rest upon that ground as well. *Palmer,* 43 Fed. Appx. at 829.

In the present case, any possible tolling of the limitations period pursuant to 28 U.S.C. § 2244(d)(2) would have ended on February 20, 2004, when the one year period for seeking leave to appeal the post-conviction motion with the Michigan Court of Appeals expired. *Palmer,* 43 Fed. Appx. at 829. [3]  Because eight days had already elapsed on the one year statute of limitations, petitioner had three hundred and fifty seven days remaining from that date, which would have been no later than February 12, 2005, to file the instant petition with this Court in compliance with the AEDPA's limitations period.  Because the instant petition was not filed until February 17, 2005, the instant petition is untimely.

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001).  The Sixth Circuit has noted

---

[3]  The Court notes that there is an apparent conflict in the Sixth Circuit concerning the tolling of the limitations period pursuant to § 2244(d)(2) where a Michigan prisoner fails to timely appeal the denial of his or her post-conviction motion.  In *Whitcomb v. Smith,* 23 Fed. Appx. 271, 273 (6th Cir. 2001), the Sixth Circuit held that the one year limitations period was tolled pursuant to § 2244 (d)(2) during the twenty one day period for which the petitioner could have appealed the trial court's denial of his post-conviction motion for relief from judgment, but was not tolled for the twelve month period that he could have sought a delayed application for leave to appeal under M.C.R. 7.205(F), because petitioner never applied for leave to appeal either within the twenty one day period or within the one year period. *Id.*  The Sixth Circuit in *Palmer v. Lavigne,* on other hand, tolled the limitations period for the entire one year period that the petitioner could have sought leave to appeal.  As indicated above, petitioner's application is untimely even giving him the benefit of this calculation.

8

that the doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d

at 1008-09, and that "[a]bsent a satisfactory explanation for his failure to timely

file his habeas petition", a petitioner would fail to exercise due diligence in

pursuing his claim, and thus would not be entitled to equitable tolling of the

limitations period. *Id.* at p. 1010.  A habeas petitioner bears the burden of

establishing that  he or she is entitled to the equitable tolling of the one year

limitations period. *See Jurado v. Burt,*  337 F. 3d 638, 642 (6th Cir. 2003).

Petitioner first contends that the limitations period should be equitably

tolled, because he filed his motion for relief from judgment within the twenty one

day time period provided by M.C.R. 7.205(F)(4) for filing a direct appeal from the

denial of his motion to vacate his guilty plea.  Petitioner's misunderstanding of the

proper procedures for appealing the denial of his motion to vacate his plea does

not justify equitable tolling of the limitations period. *See Shoemate v. Norris,* 390

F. 3d 595, 597-98 (8th Cir. 2004).  Ignorance of the law does not justify equitable

tolling either, even for a prisoner who is proceeding *pro se. See Spencer v.

White,* 265 F. Supp. 2d 813, 818 (E.D. Mich. 2003).

Petitioner next contends that the limitations period should be equitably

tolled, because he mailed his application for leave to appeal to the Michigan

Court of Appeals on February 19, 2004, the day before the one year deadline to

appeal the trial court's rejection of his post-conviction motion expired.  The

application was not received until February 23, 2004.  Because Michigan does

9

not recognize recognize the prison mailbox rule, *See Moore v. Michigan Department of Corrections*, 462 Mich. 872, 873; 615 N.W. 2d 212 (2000)(Corrigan, J., concurring); *Walker-Bey v. Department of Corrections*, 222 Mich. App. 605, 606; 564 N. W. 2d 171 (1997), the Michigan Court of Appeals rejected petitioner's application as being untimely.  Petitioner points to the case of *White v. Curtis*, 42 Fed. Appx. 698 (6th 2002), where the Sixth Circuit held that equitable tolling applied to the petitioner's federal habeas petition where the petitioner's direct appeal to the Michigan Supreme Court would have been timely under the federal mailbox rule.

Petitioner's case is distinguishable from *White* in a number of ways.  First, the petitioner in *White* sought equitable tolling for the filing of his direct appeal to the Michigan Supreme Court.  By contrast, petitioner seeks to invoke the holding in *White* to justify equitably tolling the late filing of his state post-conviction appeal.  This Court has already held that because petitioner's initial post-conviction motion was rejected as being improperly filed, any attempts to appeal the denial of the motion did not toll the limitations period pursuant to § 2244(d)(2).  Therefore, equitable tolling of the limitations period based on the fact that petitioner mailed his application for leave to appeal to the Michigan Court of Appeals on February 19, 2004 would be of no benefit to petitioner, because even if the application was timely, it would still not toll the limitations period for the reasons indicated above.  This Court further notes that the Sixth Circuit has

10

appeared to question in a subsequently published opinion whether *White* was even correctly decided. *See Vroman,* 346 F. 3d at 605, n. 3.  Finally, even if a state court's failure to adopt the mailbox rule could justify equitable tolling in some instances, equitable tolling requires an "individualized examination of each petitioner's showing with respect to his diligence and knowledge" in pursuing relief. *Id.*

In *White,* the petitioner had only fifty six days with which to file an application for leave to appeal to the Michigan Supreme Court, a fairly brief time period.  By contrast, petitioner had one year to file his application for leave to appeal.  Petitioner does not explain why he waited until the day before this one year period was to expire to file his application for leave to appeal with the Michigan Court of Appeals.  This Court concludes that petitioner has failed to show due diligence and is not entitled to equitable tolling on this basis.

Petitioner further contends that he should be entitled to equitable tolling because he was forced to represent himself without the benefit of counsel.  A claim that a habeas petitioner did not have professional legal assistance is not an extraordinary circumstance which would toll the statute of limitations. *See Wilson v. Birkett,* 192 F. Supp. 2d 763, 766 (E.D. Mich. 2002).

To the extent that petitioner is arguing lack of prejudice in support of equitable tolling, absence of prejudice to a respondent is a factor to be considered by a federal court on habeas review only after a factor which might

11

justify equitable tolling is identified. *See Vroman,* 346 F. 3d at 605.  Because there is no basis for equitable tolling, lack of prejudice to the respondent does not justify tolling the limitations period.

### III.  Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1).  Accordingly, the Court will summarily dismiss the current petition.  The Court will also deny petitioner a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge.  If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b).  To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that

12

jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

## IV. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED.**

_____s/Bernard A. Friedman_____
**HON. BERNARD A. FRIEDMAN**
CHIEF UNITED STATES DISTRICT JUDGE

DATED:  January 23, 2006

14